**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

*In re* **H.C. and G.C.**

**No. 25-395** (Summers County CC-45-2024-JA-18 and CC-45-2024-JA-19)

**MEMORANDUM DECISION**

Petitioner Mother C.W.[1] appeals the Circuit Court of Summers County's May 12, 2025, order terminating her parental rights to H.C. and G.C., arguing that the circuit court failed to employ the least restrictive alternative.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In June 2024, the DHS filed a petition alleging that the petitioner abused and neglected the children by abusing controlled substances in their presence and failing to protect H.C. from sexual abuse perpetrated by her husband/the children's stepfather, H.W. The DHS alleged that H.C. made numerous disclosures of sexual abuse during a Child Advocacy Center ("CAC") interview, including disclosures that H.W. showed her pornographic images, offered her money to pose for pornographic photos, watched her shower, took pictures of her buttocks, fondled her chest, and forced her to perform oral sex on him. H.C. also stated that the petitioner and H.W. used controlled substances in the home. G.C. also participated in a CAC interview in which he disclosed that the petitioner and H.W. used controlled substances in the home, confirmed that H.W. would enter the bathroom while H.C. showered, and stated that H.W. once hit him so hard with a pizza paddle that it broke.

The circuit court held adjudicatory hearings in November and December 2025, during which it heard testimony from the children's forensic interviewer about, among other things, the intake and interview procedures she utilized. Further, a Child Protective Services ("CPS") worker testified to her investigation, which included evidence that corroborated H.C.'s CAC disclosures. Then, the court played both children's CAC interviews. The court noted that the petitioner presented no evidence or witnesses and that there was no reason to discredit the children's CAC interviews. In the resulting adjudicatory order, the court found that the petitioner abused and

---

[1] The petitioner appears by counsel John C. Anderson II. The West Virginia Department of Human Services ("DHS") appears by Attorney General John B. McCuskey and Assistant Attorney General A. Tyler Reseter. Counsel Jeffrey S. Rodgers appears as the children's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

neglected H.C. both psychologically and mentally and failed to protect the child from sexual abuse perpetrated by H.W. Further, the court found that the petitioner used controlled substances in the home and in the presence of both children. Thus, the court adjudicated the petitioner of abusing and neglecting the children.

In May 2025, the circuit court held a dispositional hearing during which H.W. relinquished any parental or custodial rights he had to the children. A CPS worker testified that, because the petitioner remained married to and still cohabited with H.W., there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future. The worker further testified that the petitioner refused to cooperate in the development of a reasonable family case plan and that termination of her parental rights was in the children's best interests. In the resulting dispositional order, the court found that the petitioner failed to recognize or address the issues of abuse and neglect and that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. The court determined that termination of the petitioner's parental rights was in the children's best interests and, accordingly, terminated her parental rights. It is from this order that the petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's substantive rulings for abuse of discretion, factual findings are reviewed for clear error, and issues of law are reviewed de novo. *See* Syl. Pt. 1, *In re K.S.*, -- W. Va. --, -- S.E.2d --, 2026 WL 1362143 (W. Va. May 15, 2026). Before this Court, the petitioner argues that termination of her parental rights was not the least restrictive alternative and that termination of her custodial rights was warranted, citing our direction that "[a]s a general rule the least restrictive alternative regarding parental rights to custody of a child under [W. Va. Code § 49-4-604] will be employed." Syl. Pt. 4, in part, *In re Nelson B.*, 225 W. Va. 680, 695 S.E.2d 910 (2010) (quoting Syl. Pt. 1, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). However, we have also held that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604] that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 5, in part, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting *In re R.J.M.*, 164 W. Va. at 496, 266 S.E.2d at 114, Syl. Pt. 2). The circuit court found that there was no such likelihood, in part, due to the petitioner's failure to acknowledge the issues of abuse and neglect. *See In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)) ("Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable . . . ."). The record supports the court's findings, especially in light of the petitioner's failure to participate in the development of a family case plan and choice to remain in a relationship and continue cohabiting with H.W. despite his sexual abuse of H.C. *See* W. Va. Code § 49-4-604(d)(2) (establishing that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future when the abusing parent "willfully refused or [is] presently unwilling to cooperate in the development of a reasonable family case plan"). The court also found that termination of the

---

[3] The father's parental rights remain intact, and the permanency plan for the children is to remain in his care.

petitioner's parental rights was in the children's best interests—a finding that the petitioner does not challenge. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental rights upon finding no reasonable likelihood conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare). Accordingly, the petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 12, 2025, order is hereby affirmed.

Affirmed.

**ISSUED:** June 24, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan

3